FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs BALUBHAI G. PATEL, VIRANBHAI PATEL and PLAINTIFF TENANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALUBHAI G. PATEL; VIRANBHAI PATEL; ANDRES CASTRO; EDUARDO GOMEZ, Individually and on behalf of his minor children TIGERLILY GOMEZ and FRANCIM GOMEZ; SOFIA AGUILAR; DENNIS MOORE; EDMONSON DWIGHT; SABRINA WRIGHT; ADAM JOHNSON; AARONISHN CASTILLO; DWAYNE C. HILLIS; ISIDEO RAMOS; WALTER DUFFY; WOODREF DILMES; HIDA KHALID; ELLIS MAURICE; BELL CLIFTON; STELLA QUINLEY, Individually and on behalf of her minor child; SHANIKA LAW; DERRICK AVERY; HARUN AALA,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation;; DOES 1-10 INCLUSIVE,<br><br>Defendants. | No. CV18-20<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF; STATE SUPPLEMENTAL CLAIMS<br><br>[Violation of Federal Civil Rights] |

Plaintiffs BALUBHAI G. PATEL, VIRANBHAI PATEL, ANDRES CASTRO; EDUARDO GOMEZ, Individually and on behalf of his minor children TIGERLILY GOMEZ and FRANCIM GOMEZ; SOFIA AGUILAR; DENNIS MOORE; EDMONSON DWIGHT; SABRINA WRIGHT; ADAM JOHNSON; AARONISHN CASTILLO; DWAYNE C. HILLIS; ISIDEO RAMOS; WALTER DUFFY; WOODREF DILMES; HIDA KHALID; ELLIS MAURICE; BELL CLIFTON; STELLA QUINLEY, Individually and on behalf of her minor child; SHANIKA LAW; DERRICK AVERY; HARUN AALA, ("B. Patel", "V. Patel", "Plaintiff Tenants", or collectively "Plaintiffs") hereby file this Complaint and state and allege against Defendants as follows:

JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the First, Fourth, Fifth and Fourteenth Amendments, which involve violations of federal law pursuant to 42 U.S.C. Section 1983; and 42 U.S.C. Section 3604(b). State supplemental jurisdiction exists pursuant to 28 U.S.C. Section 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES is a public entity in this District, the individual defendants reside in this District and the claims arose in this District.

PARTIES

3. Plaintiff B. Patel was at all times material herein the owner of a residential hotel commonly known as the Adams Garden Inn ("AGI" or "Property") located at 4805 W. Adams Blvd., Los Angeles, California 90016.

4. Plaintiff B. Patel was at all times material herein also lessor of the AGI to Plaintiff V. Patel who operates AGI.

5. Plaintiffs B. Patel and V. Patel are Asian-Indian and their Plaintiff Tenants are low-income residents of AGI who are of minority racial and ethnic status status, some who are minor children and others who are very elderly and disabled.

6. Defendant CITY OF LOS ANGELES ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

7. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10 and persons heretofore unknown involved in the actions taken against Plaintiffs, but are hereby sued in their individual and official capacities. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurrences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names

and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint as and when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

FACTS COMMON TO ALL CLAIMS

8. The AGI has at all times material herein been operating under a valid business license under B. Patel's name.

9. On October 21, 2015 the City imposed a conditional use permit ("CUP") on the AGI imposing certain conditions in the operation of the property because of alleged crime at and surrounding the property that was attributed by the City to the operation of the property.

10. The City's imposition of the CUP in 2015 was disputed by B. Patel and V. Patel who contended that any crime surrounding the AGI was attributable to the general conditions in the general area where the property is located.

11. The CUP including a requirement, among other conditions that the motel registration books be subject to warrantless and non-consenual inspections under Los Angeles Municipal Code Section 41.49 ("LAMC Section 41.49") despite the fact that such motel search section has been declared facially unconstitutional under the Fourth Amendment by the U.S. Supreme Court in a case entitled City of Los Angeles v Patel, 135 S.Ct. 2443 (2015); and that instead of a 24 hour

security patrol that a 24 hour on-site security guard be placed on the property.

12. Plaintiffs B. Patel and V. Patel objected to the imposition of conditions of the CUP, objecting that the AGI was not a crime problem and not a public nuisance and that the conditions were cost prohibitive and also violated the Fourth, Fifth and Fourteenth Amendment Due Process and Equal Protection Clause of the United States Constitution.

13. On October 21, 2015, the City Council convened and adopted a resolution to impose the AGI's CUP, but the proceedings to impose the CUP, and the evidence did not justify imposition of the CUP.

14. The constitutional notice of the proceedings was not given to Plaintiffs' tenants and that as a result, an additional reason exists that the City lacked jurisdiction to impose the CUP.

15. The imposition of the CUP also violates their rights both under the United States Constition and the Federal Fair Housing Law, 42 U.S.C. Section 3604(b) in that any displacement of plaintiffs without making reasonable accomodations would have a disparate impact on the tenants and Plaintiffs including their on site manager who is also Asian-Indian.

16. Pursuant to <u>California Code of Civil Procedure</u> Section 1094.6, Plaintiffs B. Patel and V. Patel and Plaintiff Tenants are statutorily entitled that the City give them written notice of the City Council's decision to

impose the CUP and that such notice be given by the City Clerk sending the notice to them by certified registered mail, return receipt requested and further informing them that they had 90 days from the date of the City Council's October 21, 2016 decision to impose the CUP to appeal the matter to a court of competent jurisdiction under California Code of Civil Procedure Section 1094.5.

17. The City and City Clerk have failed to perform their statutory duties set forth in paragraph 18 above and have failed to provide Plaintiffs B. Patel and V. Patel of written notice of the City Council's October 21, 2016 decision to impose the CUP.

18. Instead, within the last year from the date of this filing and on multiple occassions, the City of Los Angeles Police Department ("LAPD") officers upon instructions from the City entered and trespassed upon the AGI without Plaintiffs prior notice, consent or a valid court order and said defendants then proceeded to speak to the tenants at the AGI informing them that the AGI was to be closed by the City and that the tenants should no longer pay rent.

19. Further, in entering the AGI, said LAPD officers entered the motel manager's personal residence and searched such residence and also searched the motel registration records, all without consent or a court order.

20. In doing so, the City and LAPD police officers also have threatened the motel manager with placing him in jail and cited him with violation of the CUP, despite the

fact that the CUP was not imposed against him and is without probable cause. The citations have not been filed by the City with the state court.

21. The City also threatened Plaintiffs with revocation of the CUP and closure of the AGI despite the numerous jurisdictional, constitutional and statutory violations in imposition and execution of the CUP.

22. Plaintiff B. Patel, just prior to the above referenced actions by the City in paragraphs 3-23 above was an outspoken critic of the City's treatment of himself and other Asian-Indian motel owners and is a member of the group that sued the City in the Supreme Court Patel case and was engaged in other litiogation over his other motels operating in the City.

23. After filing and service of this lawsuit, the City Zoning Administrator, with notice of this action, held an administrative zoning hearing to determine plaintiff B. Patel's compliance with the CUP.

24. Plaintiffs appeared at the zoning hearing as did various city officials and plaintiffs opposed the jurisdiction of the zoning administrator to hear the matter pending the legal determinations of the CUP and this lawsuit.

25. Plaintiff tenants testified, some who were elderly and disabled, and such testimony stated that they were long time permanent residents at the motel and were indigent and unable to find alternative affoerdable housing and further testified that the motel was not a public

nuisance or crime ridden but that such alleged criminal activity, if any, arises from the neighborhood in general surrounding the motel but not from the motel itself.

26. Such plaintiff tenants requested that the motel not be closed and that they be accomodated by the City in that closing the motel without relocation assistance would cause them to be homeless.

27. On January 18, 2017, the zoning administrator issued a decision revoking the CUP for one year, in effect closing the motel.

28. The zoning administrator's decision recognized the severe impact to the plaintiff tenants in displacement but the City has not provided, and refuses to provide, relocation assistance or reasonably accomodate the housing needs of the plaintiff tenants.

29. On January 27, 2017, plaintiffs B. Patel filed a timely appeal of the zoning administrator's decision to revoke the CUP to the City Council which is still pending.

30. Plaintiffs B. Patel and V. Patel, and the Plaintiff Tenants filed suit in this court with regard to the allegations in paragraphs 1-29 for violations of federal civil rights under 42 U.S.C. section 1983 and 42 U.S.C. Section 3604(b) and for state supplemental claims for petition for writ of mandate and inverse condemnation. ("Federal Action 1").

31. Federal Action 1 is still pending in this court and the case is entitled Balubhai G. Patel, et al. v City of Los Angeles, et al.; USDC Case No. CV16-08888 DMG-SK.

32. On April 5, 2017, the City Council heard the appeal of the revocation of of the zoning administrator's decision to revoke the CUP.

33. A week prior to the April 5, 2017 City Council hearing. plaintiffs B. Patel and V. Patel appeared at the City's Planning and Land Use Commitee Hearing ("PLUM Hearing") which sits as a subset of City Cuncil members who advise the City Council on matters such as the appeal of the revocation of the CUP.

34. Plaintiffs B. Patel and V. Patel once again objected on the same grounds as set forth before the zoning administrator at the hearing on January 18, 2017.

35. Plaintiffs B. Patel and V. Patel also objected that the Plaintiff Tenants had not been given notice of the PLUM Hearing or the scheduled City Council April 5, 2017 appeal hearing and that as a result any proceedings would be void as a matter of law for violation of procedural due process.

36. Plaintiffs B. Patel and V. Patel also objected that the closure of the motel was in violation of their statutory rights and the Plaintiff Tenant rights under 42 U.S.C. Section 3604, et seq. (the "Federal Fair Housing Act" or "FHA").

37. In fact, the Plaintiff Tenants were not given notice of the PLUM Hearing or the scheduled City Council April 5, 2017 appeal hearing.

38. Nevertheless, despite the objections of Plaintiffs B. Patel and V. Patel, the PLUM Commitee voted to deny the appeal of the revocation of the CUP.

39. At the April 5, 2017, the City Council unanimously voted to deny the appeal of the revocation of the CUP and did not allow argument by plaintiffs B. Patel or V. Patel not tale testimony or evidence from them.

40. In doing so, the City Council made no provision for relocation or assistance to the Plaintiff Tenants.

41. Further, once again subsequent to the April 5, 2017 appeal hearing, the City has failed to give Plaintiffs B. Patel and V. Patel and the Plaintiff Tenants the statutory and due process notice required under California Code of Civil Procedure Section 1094.6.

42. At present, the Defendant City and the LAPD are threatening Plaintiffs B. Patel and V. Patel to close the motel and evict the Plaintiff Tenants without relocation assistance and without court order.

43. Various members of the LAPD have stated to Plaintiffs B. Patel and V. Patel that they want the Plaintiff Tenants evicted from the motel.

44. Pursuant to the Ninth Circuit's well established case law, this case is not subject to Pullman abstention as there is no novel California state takings at

issue and pursuant to this circuit's case law a petition for writ of administrative mandamus under California Code of Civil Procedure Section 1094.5 is a "special proceeding" and has no preclusive effect on a federal civil rights action under 42 U.S.C. Section 1983.

45. Pursuant to this circuit's case law, a reservation of federal claims in a state court under England v Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964) ("England"), there is no preclusive effect on the reserved federal issues in a federal civil rights action under 42 U.S.C. Section 1983 or 42 U.S.C. Section 3604(b), thus, preventing abstention on such issues.

46. Pursuant to England and this circuit's case law permitting an England reservation in a federal district court action itself, plaintiffs reserve all federal issues in this lawsuit and do not expose such federal issues or claims by way of their state supplemental claims.

47. Pursuant to this circuit's case law, abstention is improper as to federal statutory claims such as plaintiffs' claims under 42 U.S.C. Section 3604(b).

48. Subsequent to the revocation of the CUP, B. Patel sold the property to a third party at a reduced market value as a result of defendants actions.

49. Based on the above facts, Plaintiffs allege the following claims with regard to the new facts arising after the filing of Federal Action 1 as set forth in paragraphs 32-48 above and do not litigate the claims based on the facts in Federal Actions 1:

FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C. Section 1983 by All Plaintiffs Against All Defendants)

50. Plaintiffs and the Plaintiff Tenants reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 49, and all its subparts, inclusive, as set forth hereinabove.

51. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles for purposes of "state action" under 42 U.S.C. Section 1983.

52. By taking the actions hereinabove alleged in paragraphs above, defendants, and each of them, violated the onstitutional and civil rights of plaintiffs, and in particular their right under the First Amendment, and in particular under the Petition for Grievances Clause of that Amendment and the associational rights of Plaintiffs under said First Amendment, as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution; the Fourth Amendment as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution to be free from unreassonable searches and seizures; the substantive and procedural components of the Due Process Clause of the the Fourteenth Amendment of the United States

Constitution for arbitrary and capricious actions and without notice and opportuinity to be heard and an adequate opportunity to litigate the imposition of the CUP; and also in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution as similarly situated properties have not been subjected to the actions taken by the Defendants as described in paragraphs 32-47 above.

53. Also by taking the actions hereinabove alleged defendants also violated the constitutional and civil rights of plaintiffs, in particular by among other things; violationing their rights under the Fifth Amendment, in particular that the exercise of the governmental police power be for a "public use", as incorporated by the Fourteenth Amendment of the United States Constitution, but rather was exercised in a manner to drive Plaintiffs B. Patel and V. Patel out of business in order to transfer the property to a private developer, these actions constituting a "private taking" under said amendment which further results in the unconstitutional taking of not only their interests in the property but of V. Patel's leasehold interest and the Plaintiff Tenants.

54. In the alternative, the Fifth Amendment Takings Claim is no longer barred by way of prudential standing rules and this court has jurisdiction to hear the matter without exhaustion of state remedies even if the defendants' actions do not constitute a "private taking".

55. With respect to the claims in paragraph 53 above, on information and belief, the Defendant City was in negotiation with several private developers, including a developer next door to the motel, to purchase the motel at a reduced below market value price once it is closed before B. Patel sold it to a third party.

56. Defendants in engaging in the above-described conduct, in violating plaintiffs' constitutional and civil rights as described above, acted according to official policy, custom and practice of the Defendant City.

57. As a proximate result of the foregoing acts of defendants, and each of them, Plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress and financial and business damages to the motel and property. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have collectively suffered and continue to incur is according to proof at trial but in a sum in not less than $10,000,000.00 and that they are also entitled to appropriate injunctive relief to prevent the Defendant City, or city officials, from closing the operation of the motel as threatened by the Defendants. Plaintiffs are also entitled to reasonable attorneys fees under 42 U.S.C. section 1988.

SECOND CLAIM FOR RELIEF

(Violation of The Federal Fair Housing Act
Under 42 U.S.C. Section 3604(b) by
All Plaintiffs Against All Defendants)

58. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1-57, and all its subparts, inclusive, as set forth hereinabove.

59. Plaintiffs are further informed and believe, and based upon such information and belief alleges, that the actions of the defendants, and each of them, has had the effect of discriminating against Plaintiffs which status is protected based on their race and/or national origin from discrimination in the sale or rental of residential housing under 42 U.S.C. Section 3604(b).

60. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer hardship and damages, which damages include, but is not limited to, economic damages and non-economic damages such as emotional distress. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur will be according to proof at trial but in a sum in excess of $10,000,000.00 and that they are also entitled to appropriate declaratory and injunctive relief.

61. As a result of defendants' above alleged conduct, plaintiffs have been compelled to retain legal counsel to prosecute this action and have incurred and will continue to incur attorney's fees and costs. Plaintiffs are entitled to recover reasonable attorney's fees from defendants under the Federal Fair Housing Act.

THIRD CLAIM FOR RELIEF

(Petition for Writ of Mandate by
All Plaintiffs against Defendant City)

62. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-61, and all its subparts, inclusive, as set forth hereinabove.

63. Petitioners' equitable state remedy in seeking review of the City's decision in adopting the decision to revoke the CUP is to seek mandamus review by way of this petition under California Code of Civil Procedure Section 1094.5.

64. The City violated its duties under both state law and federal law, and specifically although not limited to, violated by adopting the resolution to impose the CUP abused its discretion by failing to proceed in a manner required by law, and further in adopting the resolution to impose the CUP without support of competent admissible evidence; and in violation of the First, Fourth, Fifth and Fourteenth Amendments of the U.S. Constiotution, and thus the decision of the City Council of April 5, 2017 must be set aside.

65. By failing to give the required notice as set forth in California Code of Civil Procedure Section 1094.6 and paragraph 41 above, Plaintiffs filing of this petition for writ of mandate is tolled although this claim is still being filed timely under California Code of Civil Procedure Section 1094.6 within 90 days of the April 5, 2017 decision.

66. The claim for administrative mandamus is not moot despite the sale of the property by B. Patel to the extent it affects the plaintiff tenants.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial;
2. For declaratory and injuntive relief;
3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial;
5. For declaratory and injuntive relief;
6. For attorney's fees pursuant to 42 U.S.C. 3604(b) and the Federal Fair Housing Act;

THIRD CLAIM FOR RELIEF

7. For a writ of mandate vacating the City's adoption of the resolution and the City Council decision to revoke the CUP;

FOR ALL CLAIMS FOR RELIEF

8. For costs of suit; and

9. For such other and further relief as the Court deems just and proper.

DATED: February 13, 2018 LAW OFFICES OF FRANK A. WEISER

By: [signature]
FRANK A. WEISER, Attorney for Plaintiffs BALUBHAI G. PATEL, VIRANBHAI PATEL, and PLAINTIFF TENANTS

DEMAND FOR JURY TRIAL

All the named Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: February 13, 2018 LAW OFFICES OF FRANK A. WEISER

By: [signature]
FRANK A. WEISER, Attorney for Plaintiffs BALUBHAI G. PATEL, VIRANBHAI PATEL, and PLAINTIFF TENANTS