1   MICHAEL N. FEUER, City Attorney (SBN 111529X)
2   TERRY KAUFMANN MACIAS, Senior Assistant City Attorney (SBN 137182)
    CHARLES D. SEWELL, Deputy City Attorney (SBN 198903)
3   PATRICK HAGAN, Deputy City Attorney (SBN 266237)
    200 North Main Street, City Hall East Room 701
4   Los Angeles, California 90012-4131
5   Telephone: (213) 978-1687
    Facsimile: (213) 978-8214
6   charles.sewell@lacity.org
7   patrick.hagan@lacity.org
8   Attorneys for Defendant
9   CITY OF LOS ANGELES

10
11                      **UNITED STATES DISTRICT COURT**
12                     **CENTRAL DISTRICT OF CALIFORNIA**
13

14  BALUBHAI G. PATEL; VIRANBHAI )   Case No.: 2:18-CV-01219-DMG-SK
    PATEL; ANDRES CASTRO;                     )
15  EDUARDO GOMEZ, individually and )   Hon. Dolly M. Gee
    on behalf of his minor children          )
16  TIGERLILY GOMEZ and FRANCIM )   **NOTICE OF MOTION AND MOTION TO**
    GOMEZ; SOFIA AGUILAR; DENNIS )   **DISMISS COMPLAINT;**
17  MOORE; EDMONSON DWIGHT;          )   **MEMORANDUM OF POINTS AND**
    SABRINA WRIGHT; ADAM                   )   **AUTHORITIES IN SUPPORT**
18  JOHNSON; AARONISHN                       )
    CASTILLO; DWAYNE C. HILLIS;        )   **[F.R.C.P. 12(b)(6)]**
19  ISIDEO RAMOS; WALTER DUFFY;     )
    WOODREF DILMES; HIDA                   )   (Request for Judicial Notice and [Proposed]
20  KHALID; ELLIS MAURICE; BELL       )   Order filed concurrently herewith)
    CLIFTON; STELLA QUINLEY,            )
21  individually and on behalf of her minor )
    child; SHANIKA LAW; DERRICK       )   Date:        June 29, 2018
22  AVERY; HARUN AALA,                     )   Time:        9:30 a.m.
                                                      )   Location:    Courtroom 8C, 8th Floor
23              Plaintiffs,                         )
24         v.                                        )
                                                      )
25  CITY OF LOS ANGELES, a municipal )
    corporation; DOES 1 through 10,       )
26  inclusive,                               )
                                                      )
27              Defendants.                       )
    _____ )
28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, at 9:30 a.m. on Friday, June 29, 2018, in courtroom 8C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant City of Los Angeles (the "City") will and hereby does move to dismiss the complaint ("Complaint") filed by Plaintiffs BALUBHAI G. PATEL; VIRANBHAI PATEL; ANDRES CASTRO; EDUARDO GOMEZ, individually and on behalf of his minor children TIGERLILY GOMEZ and FRANCIM GOMEZ; SOFIA AGUILAR; DENNIS MOORE; EDMONSON DWIGHT; SABRINA WRIGHT; ADAM JOHNSON; AARONISHN CASTILLO; DWAYNE C. HILLIS; ISIDEO RAMOS; WALTER DUFFY; WOODREF DILMES; HIDA KHALID; ELLIS MAURICE; BELL CLIFTON; STELLA QUINLEY, individually and on behalf of her minor child; SHANIKA LAW; DERRICK AVERY; HARUN AALA ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action, or, in the alternative, to stay the matter pending a resolution of the writ cause of action in state court.  The grounds for the City's motion are as follows:

First, Plaintiffs fail to state a claim upon which relief can be granted because all of the claims raised in the Complaint are precluded by the doctrines of res judicata and/or collateral estoppel.  These claims are identical to the claims that were adjudicated and dismissed (with the exception of one narrow Fourth Amendment claim) in the matter of *Patel v. City of Los Angeles, et al.*, Central District Court Case No. 2:16-cv-08888-DMG-SK, before this Court and between the same parties.  They are likewise identical to claims that were voluntarily dismissed by Plaintiffs in the second action filed upon the same nucleus of facts in *Patel et al. v. City of Los Angeles, et al.*, C.D. Cal. case no. 2:17-cv-04894-DMG-SK.

Additionally, the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted. The first claim for relief, which is for purported violations of 42 U.S.C. § 1983, fails to state a cause of action pursuant to Rule 12(b)(6) and the

1  pleading standards established by the United States Supreme Court in *Bell Atl. v.*
2  *Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
3  This claim incorporates multiple theories of relief under the First, Fourth, Fifth, and
4  Fourteenth Amendments.  Each of these theories fails because the FAC does not allege
5  facts which suggest that Plaintiffs' civil rights were actually violated.

6      The second claim for relief, for violation of the Federal Fair Housing Act
7  ("FHA"), must fail because the Complaint does not allege facts suggesting that the
8  City's imposition and revocation of a conditional use permit resulted in a disparate
9  impact on a protected class or people.

10      The third claim for relief, for writ of mandate, is time barred.  Plaintiffs did not
11  file and serve the petition for writ of mandate to overturn the City's revocation of a
12  conditional use permit within the 90 day statute of limitations articulated in California
13  Government Code section 65009(c)(1)(E).

14      In the alternative, the City requests that the court dismiss the Complaint or
15  consolidate any claims that survive the City's Rule 12(b)(6) motion with the matter of
16  *Patel v. City of Los Angeles*, *et al.*, Central District Court Case No. 2:16-cv-08888-
17  DMG-SK ("*Patel 1*").  *Patel 1* and the Complaint are duplicative actions where the
18  causes of action, the relief sought and the parties are the same.  No party has a right to
19  maintain two separate actions involving the same subject matter and the same defendant
20  in the same court at the same time.

21      This motion is based on this notice of motion and the accompanying
22  memorandum of points and authorities; the pleadings and papers filed in this action; and
23  such further argument and matters as may be offered at or before the hearing on this
24  motion.

25      This motion is made following the City's May 15, 2018 request pursuant to Local
26  Rule 7-3 for a telephonic or in-person conference of counsel regarding the grounds for
27  dismissal set forth above.  As of the time of this motion, Plaintiffs have not responded to
28  the City's request.

1

2    Dated: June 1, 2018          Respectfully submitted,

3
                                  **MICHAEL N. FEUER,** City Attorney
4                                 **TERRY KAUFMANN MACIAS,** Assistant City Attorney
                                  **CHARLES D. SEWELL,** Deputy City Attorney
5                                 **PATRICK HAGAN,** Deputy City Attorney

6
                                  By: _____
7                                         **PATRICK HAGAN**
8                                 Attorneys for Defendant CITY OF LOS ANGELES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ............................................................................. 1

II.    FACTUAL ALLEGATIONS ........................................................... 2

    A. The Owners, Operators, and Tenants of AGI, a Nuisance Hotel. ...................... 2

    B. The Imposition and Revocation of the CUP for the AGI. ................................ 2

    C. The Los Angeles Police Department and AGI. ................................................. 3

III.   PROCEDURAL HISTORY ........................................................... 3

    A. C.D. Cal. Case no. 2:16-cv-08888-DMG-SK ("*Patel I*"). ............................... 3

    B. C.D. Cal. Case no. 2:17-cv-04894-DMG-SK ("*Patel 2*"). ............................. 5

    C. Current Complaint ("*Patel 3*"). ....................................................................... 5

IV.   LEGAL STANDARD ..................................................................... 6

V.    ARGUMENT – THE COMPLAINT SHOULD BE DISMISSED. .................. 7

    A. Res Judicata Bars Plaintiffs from Relitigating Claims Already Adjudicated in Patel 1 and Again Dismissed in Patel 2. ........................................................... 7

        1.  The Parties in Patel 1, Patel 2, and Patel 3 Are Identical. ...................... 7

        2.  The City Obtained a Final Judgment on the Merits for the Claims Dismissed in Patel 1. ....................................................................... 8

        3.  The Claims in the Complaint Are Identical to Those in Patel 1 and Patel 2. .................................................................................................. 9

    B. Plaintiffs' First Claim Fails Because Plaintiffs Have Not Alleged That Their Civil Rights Have Actually Been Violated. ....................................................... 11

        1.  Plaintiffs Fail to State a Violation of their First Amendment Right to Associate. ............................................................................................. 11

        2.  Plaintiffs Fail to State a Violation of their First Amendment Right to Petition for Grievances. ...................................................................... 12

        3.  Plaintiffs Fail to State an Unreasonable Search and/or Seizure. ........... 13

        4.  Plaintiffs Fail to State a Violation of Procedural Due Process. .............. 14

        5.  Plaintiffs Fail to State a Violation of Substantive Due Process. ........... 15

        6.  Plaintiffs Fail to State a Violation of Equal Protection. ........................ 16

7.   Plaintiffs Fail to State a Takings Claim. ................................................ 17

C.  Plaintiffs' Second Claim Fails Because the Complaint Does Not Demonstrate a Disparate Impact on a Protected Class. ............................................................ 19

D.  Plaintiffs' Third Claim  Fails as a Matter of Law ......................................... 21

1.   Plaintiff's Third Claim Is Barred by the Statute of Limitations. ........... 21

2.   Plaintiffs' Third Claim is Barred for Lack of a Beneficial Interest. ....... 22

E.  In the Alternative, the Complaint Should Be Consolidated with the Prior Action (*Patel 1*) Already Pending Before This Court. .................................... 23

VI.       CONCLUSION ................................................................................... 24

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Adams v. Cal. Dep't of Health Servs.*,
   487 F3d. 684 (9th Cir. 2007), *overruled on other grounds by Taylor v.
   Sturgell*, 553 U.S. 880 (2008) ......................................................................23, 24

*Affordable Hous. Dev. Corp. v. City of Fresno*,
   433 F3d 1182 (9th Cir. 2006) .....................................................................20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................6, 11, 14

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
   135 S.Ct. 1293 (2015)...................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................6

*Beresford Neighborhood Association et al. v. City of San Mateo*,
   207 Cal.App.3d 1180 (1989) .........................................................................21

*Bond Litig. v. U.S. Trust Corp.*,
   546 F.3d 667 (9th Cir. 2008) ..........................................................................8

*Brown-Younger v. Mosen*,
   2011 U.S. Dist. LEXIS 126852 (D. Nev. Oct. 28, 2011)............................21

*Carsten v. Psychology Examining Com.*
   (1980) 27 Cal. 3d 793 ...................................................................................22

*Cleburne v. Cleburne Living Ctr.*,
   473 U.S. 432 (1985)......................................................................................16

*Clements v. Fashing*,
   457 U.S. 957, 102 S. Ct. 2836, 73 L. Ed. 2d 508 (1982) ...........................16

*Conner v. Santa Ana*,
   897 F.2d 1487 (9th Cir. 1990) ......................................................................14

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES, CONT'D

**Page(s)**

**Cases**

*Costantini v. Trans World Airlines*,
    681 F.2d 1199 (9th Cir. 1982), cert. denied, 459 U.S. 1087 (1982) ...........................9

*Duffy v. City of Long Beach*,
    201 Cal. App. 3d 1352 (Cal. App. 2nd Dist. 1988) ....................................................18

*In re Eric J.*,
    25 Cal. 3d 522 (1979) ................................................................................................16

*Hanford Exec. Mgmt. Emple. Ass'n v. City of Hanford*,
    No. 1:11-CV-00828 AWI DLB, 2011 U.S. Dist. LEXIS 132783 (E.D.
    Cal. Nov. 17, 2011) ..............................................................................................15, 16

*Hensler v. City of Glendale*
    (1994) 8 Cal.4th 1 ......................................................................................................18

*Kyllo v. United States*,
    533 U.S. 27, 121 S. Ct. 2038 (2001) .........................................................................13

*Lingle v. Chevron U.S.A. Inc.*,
    544 U.S. 528 (2005)....................................................................................................18

*Lucas v. South Carolina Coastal Council*,
    505 U.S. 1003, 112 S. Ct. 2886 (1992) ......................................................................18

*MGA Entm't, Inc. v. Mattel, Inc.*,
    2012 WL 569389 (C.D. Cal. 2012) ..............................................................................9

*Moore v. Hughes Helicopters, Inc., Div. of Summa Corp.*,
    708 F.2d 475 (9th Cir. 1983) ......................................................................................19

*Parker v. Bowron*
    (1953) 40 Cal.2d 344 .............................................................................................22, 23

In the matter of *Patel v. City of Los Angeles*, *et al.*,
    C.D. Cal. Case No. 2:16-cv-08888-DMG-SK.................................................. *passim*

1

## <u>TABLE OF AUTHORITIES, CONT'D</u>

2

**Page(s)**

3

**Cases**

4

5
*Patel v. City of Los Angeles,*
   No. CV 05-1571 DSF, 2008 U.S. Dist. LEXIS 78914 (C.D. Cal. Sep. 5,
6
   2008) ...........................................................................................................12

7
*People v. Chavez,*
8
   161 Cal.App.4th 1493 (3rd Dist. 2008) ....................................................14

9
*People v. Gemmill,*
10
   162 Cal. App. 4th 958 (2008) ...................................................................13

11
*Pfaff v. United States HUD,*
12
   88 F.3d 730 (9th Cir. 1996) ......................................................................19

13
*Pierce v. County of Orange,*
14
   526 F.3d 1190 (9th Cir. 2008) ..................................................................17

15
*Plaut v. Spendthrift Farm,*
16
   514 U.S. 211 (1995)....................................................................................8

17
*Richards v. Jefferson Cnty.,*
18
   517 U.S. 793 (1996)....................................................................................7

19
*Roberts v. United States Jaycees,*
   468 U.S. 609, 104 S. Ct. 3244 (1984) ......................................................11
20

21
*Save the Plastic Bag Coalition v. City of Manhattan Beach*
   (2011) 52 Cal.4th 155 ...............................................................................22
22

23
*Shanks v. Dressel,*
   540 F.3d 1082 (9th Cir. 2008) ..................................................................15
24

25
*Smith v. Arkansas State Highway Emps.,*
   441 U.S. 463 (1979)...................................................................................12
26

27
*Sorrano's Gasco, Inc. v. Morgan,*
   874 F.2d 1310 (9th Cir. 1989) ..................................................................12

28

1

## TABLE OF AUTHORITIES, CONT'D

2

**Page(s)**

3

**Cases**

4

5

*Stewart v. U.S. Bancorp*,
6
   297 F.3d 953 (9th Cir. 2002) ...............................................................7

7

*Sylvia Landfield Tr. v. City of Los Angeles*,
   729 F.3d 1189 (9th Cir. 2013) ...........................................................15

8

*Taylor v. Sturgell*,
9
   553 U.S. 880 (2008)..............................................................................7

10

*re. Thomas v. General Motors Corp.*,
11
   522 U.S. 222 (1998)..............................................................................8

12

*Thornton v. City of Helens*,
13
   425 F.3d 1158 (9th Cir. 2005) .....................................................16, 17

14

*Wagner v. City of South Pasadena*,
15
   78 Cal.App.4th 943 (2000) .................................................................22

16

*Waste Management of Alameda County, Inc. v. County of Alameda*
17
   (2000) 79 Cal.App.4th 1223 ..............................................................22

18

**Statutes**

19

42 U.S.C. § 1983.......................................................................1, 4, 12

20

21

42 U.S.C. § 3604(a) and (c) ..........................................................19

22

42 U.S.C. § 3604(b) ........................................................4, 19, 20, 21

23

Cal. Code Civ. Proc. § 1086 ............................................................22

24

Cal. Code Civ. Proc. § 1094.5 ...................................................4, 21

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES, CONT'D</u>

**Page(s)**

## <u>Statutes, Cont'd</u>

Cal. Code Civ. Proc. § 1094.6 ....................................................................2, 3, 22

Cal. Code Civ. Proc. § 1094.6(g)...................................................................22

Cal. Const Art. I, Sec. 19 ..............................................................................4

Cal. Govt. Code § 65009 ....................................................................1, 21, 22

Cal. Govt. Code § 65009(c)(1)(e)...................................................................21

Cal. Govt. Code § 65009(e) ...........................................................................21

Cal. Govt. Code  § 65907 ...............................................................................22

## <u>Other Authorities</u>

**Federal Rules of Civil Procedure**

Rule 8 .............................................................................................................16

Rule 8(a)(2)......................................................................................................6

Rule 12(b)(6).........................................................................................4, 6, 11, 24

# I.       **INTRODUCTION**

This is the third action filed by Plaintiffs challenging the City's imposition and revocation of a conditional use permit on Plaintiffs' hotel, the Adams Garden Inn, in response to criminal activity occurring there.  Plaintiffs contend that the conditional use permit violated Plaintiffs' constitutional rights.  On that basis, Plaintiffs assert three claims against the City: for violation of civil rights per 42 U.S.C. § 1983, violation of the Federal Fair Housing Act ("FHA"), and for a writ of mandate.

These claims have already been finally decided by this Court and are thus barred by the doctrine of claim preclusion, also known as res judicata.  In the matter of *Patel v. City of Los Angeles*, *et al*., C.D. Cal. Case No. 2:16-cv-08888-DMG-SK ("*Patel 1*"), this Court granted the majority of the City's Motion to Dismiss Plaintiffs' operative pleading on September 28, 2017, leaving only a Fourth Amendment search-and-seizure claim. (*See* Request for Judicial Notice ("RJN"), Exhibit C.)  *Patel 1* was brought by the same Plaintiffs (owner Balubhai Patel, operator Viranbhai Patel, and residents of the Adams Garden Inn) and includes the same claims for relief against the City as in the instant Complaint.  The claims dismissed by the Court in *Patel 1* include all of the claims alleged in the current Complaint.  The current Complaint is thus barred as a matter of law.

Plaintiffs' Complaint is also subject to dismissal because Plaintiffs have still not raised sufficient factual allegations to overcome the grounds for dismissal stated in this Court's order in *Patel 1*.  Specifically, the first claim fails to include allegations suggesting that Plaintiffs' civil rights were actually infringed.  The second claim fails to allege facts suggesting that the City violated the FHA, or that the FHA applies to the City here.  The third claim, for a writ of mandate, is barred on statute of limitations grounds pursuant to California Government Code section 65009.  The Court should accordingly dismiss the Complaint in its entirety, without leave to amend.  Alternatively, the Court should consolidate any surviving claims with *Patel 1*, which is currently pending before this Court.

## II.   FACTUAL ALLEGATIONS

### A.   The Owners, Operators, and Tenants of AGI, a Nuisance Hotel.

Plaintiff Balubhai Patel is the owner of the Adams Garden Inn ("AGI") located at 4805 W. Adams Blvd., Los Angeles, California 90016, which he leases to operator Viranbhai Patel.  (Comp. ¶¶ 3-4.)  Balubhai Patel and Viranbhai Patel self-identify as "Asian-Indian."  (Comp. ¶ 5.)  The Complaint also identifies "Plaintiff Tenants" (by name only in the caption, and nowhere else) who "are low-income residents of AGI who are of minority racial and ethnic status, some who are minor children and others who are very elderly and disabled."  (Comp. ¶ 5.)  Although some Plaintiff Tenants have now been identified by name in the caption, their specific race or ethnicity is not provided anywhere in the Complaint.

### B.   The Imposition and Revocation of the CUP for the AGI.

According to the Complaint, "on October 21, 2015 the City imposed a conditional use permit ("CUP") on the AGI imposing certain conditions in the operation of the property because of alleged crime at and surrounding the property that was attributed by the City to the operation of the property."  (Comp. ¶¶ 9-11.)  Despite objections from Plaintiffs Balubhai Patel and Viranbhai Patel, "[o]n October 21, 2015, the City Council convened and adopted a resolution to impose the AGI's CUP [ . . . .]"  (Comp. ¶ 13.)  The Complaint contends that "the proceedings to impose the CUP, and the evidence did not justify imposition of the CUP."  (*Id.*)  Plaintiffs further contend that written notice of the CUP, including the written notice required by Section 1094.6 of the California Code of Civil Procedure, was not provided to them.  (Comp. ¶¶ 16-17.)

On January 18, 2017, the City revoked AGI's CUP following a public hearing at which Plaintiffs Balubhai Patel and Viranbhai Patel as well as several unnamed Plaintiff Tenants voiced their opposition.  (Comp. ¶¶ 24-25.)  Plaintiffs Balubhai Patel and Viranbhai Patel appealed the revocation to the City Council and spoke against the revocation at a public hearing before the City's Planning and Land Use Management Committee ("PLUM Committee").  (Comp. ¶¶ 33-35.)  The City Council denied the

appeal and upheld the revocation on or about April 5, 2017.  (Comp. ¶ 39.)  Plaintiffs contend that they were not given an opportunity to testify before the City Council, that no relocation assistance was offered to Plaintiff tenants and that they were again not given proper notice of the revocation pursuant to Section 1094.6 of the California Code of Civil Procedure.  (Comp. ¶¶ 39-41.)

### C.  The Los Angeles Police Department and AGI.

The Complaint also alleges other purportedly wrongful conduct following the imposition and revocation of the CUP.  Most saliently, Plaintiffs contend that "the City of Los Angeles Police Department ("LAPD") officers . . . entered and trespassed upon the AGI without Plaintiffs [sic] prior notice, consent or a valid court order and said defendants then proceeded to speak to the tenants at the AGI [. . . .]"  (Comp. ¶ 18.).  Plaintiffs also allege that "LAPD officers entered the motel manager's personal residence and searched such residence and also searched the motel registration records, all without consent or court order . . . [and] in doing so, the City and LAPD police officers also have threatened the motel manager with placing him in jail and cited him with violation of the CUP."  (Comp. ¶¶ 19-20.)  Plaintiffs further allege that various unnamed members of the LAPD have threatened Plaintiffs Balubhai Patel and Viranbhai Patel with closure of AGI and have asked them to evict Plaintiff Tenants.  (Comp. ¶¶ 42-43.)

## III.  PROCEDURAL HISTORY

### A.  C.D. Cal. Case no. 2:16-cv-08888-DMG-SK ("*Patel 1*").

On December 1, 2016, Plaintiffs Balubhai Patel, Viranbhai Patel and unnamed "Plaintiff Tenants" filed a complaint – *Patel v. City of Los Angeles*, *et al*., Central District Court Case No. 2:16-cv-08888-DMG-SK ("*Patel 1*") – to challenge the City's action to abate a public nuisance and impose a conditional use permit on AGI pursuant to the City's administrative nuisance abatement statutes.  (RJN, Exh. A.)  Plaintiffs subsequently filed a First Amended Complaint ("FAC") on February 9, 2017.  (RJN, Exh. B.)

1       The first claim for relief in the FAC filed in *Patel 1*, for purported violations of 42

2   U.S.C. § 1983, alleged violations of 1) the First Amendment right to petition for

3   grievances, 2) the Fourth Amendment prohibition against unreasonable search and

4   seizure based on the LAPD's alleged intrusion onto AGI property, 3) the due process

5   clause of the Fourteenth Amendment based on the an alleged lack of notice and

6   opportunity to be heard in connection with the imposition of the CUP, 4) the equal

7   protection clause of the Fourteenth Amendment based on the allegation that similarly

8   situated hotels did not have their CUPs revoked, 5) the takings clause of the Fifth

9   Amendment based on the allegations that the City was trying to drive AGI out of

10  business, and 6) an allegation that the City resolution imposing the CUP was

11  unconstitutionally vague.  (RJN, Exh. B at ¶¶ 37-43.)

12      The second claim for relief in the FAC asserted a violation of the Federal Fair

13  Housing Act ("FHA") on the theory that the City's imposition and revocation of AGI's

14  CUP "had the effect of discriminating against Plaintiffs which status is protected based

15  on their race and/or national origin from discrimination in the sale or rental of residential

16  housing under 42 U.S.C. Section 3604(b)."  (RJN, Exh. B at ¶ 45.)  The third claim for

17  relief, for writ of mandate pursuant to California Code of Civil Procedure section

18  1094.5, sought to overturn both the City's imposition and revocation of the AGI's CUP.

19  (RJN, Exh. B at ¶¶ 49-50.)  The fourth and final claim for relief for inverse

20  condemnation alleged a "private" taking under Art. I, Sec. 19 of the Cal. Const. on the

21  City's imposition and revocation of the CUP.  (RJN, Exh. B at ¶¶ 52-57.)

22      The City subsequently filed a Motion to Dismiss the FAC in *Patel 1* pursuant to

23  F.R.C.P. 12(b)(6) and on September 28, 2017, this Court issued on order granting the

24  majority of the City's motion.  (RJN, Exh. C.)  In the order of dismissal, this Court

25  dismissed the second, third and fourth claims for relief in total and the first claim for

26  relief on every ground except for an alleged violation of the Fourth Amendment asserted

27  by Plaintiffs Balubhai Patel and Viranbhai Patel only.  *Id*.  This one claim is currently

28  pending before this Court.  Plaintiffs otherwise declined to amend their pleading in *Patel*

1 | *1* by way of filing a "Notice of Intent Not To Amend First Amended Complaint
2 | Pursuant to Court Order of September 21, 2017."  (RJN, Exh. D.)

3 | **B.    C.D. Cal. Case no. 2:17-cv-04894-DMG-SK ("*Patel 2*").**

4 | Plaintiffs filed a second action regarding the AGI on July 4, 2017 ("Patel 2").
5 | (RJN, Exh. H.)  The Complaint in *Patel 2* was not served on the City until September
6 | 27, 2017.  (RJN, Exh. E.)  Although *Patel 2* was initially assigned to the Honorable
7 | Philip S. Gutierrez, it was quickly reassigned to this Court on or about July 6, 2017.
8 | (RJN, Exh. I.)  The Complaint in *Patel 2*, which again challenges the City's action to
9 | abate a public nuisance and impose a conditional use permit on AGI pursuant to the
10 | City's administrative nuisance abatement statutes, was nearly identical to the FAC in
11 | *Patel 1*.  The parties in *Patel 1* and *Patel 2* are identical – the Defendant is the City and
12 | the Plaintiffs are Balubhai Patel, Viranbhai Patel and tenants of AGI (although certain
13 | tenants are named in *Patel 2*).  (RJN, Exhs. B, H.)  The claims for relief stated in the
14 | FAC in *Patel 1* and the Complaint *Patel 2* were likewise identical.  *Id*.  Each of the
15 | allegations in *Patel 1* also appears in *Patel 2*, which added only the allegation that the
16 | revocation of AGI's CUP was appealed administratively and upheld by the City
17 | Council.  (RJN, Exh. H at ¶¶ 29-43.)  The remaining allegations in *Patel 2* constituted
18 | conclusions of law which are bereft of any substantive factual content.  (Id. at ¶¶ 44-47.)

19 | The City filed a motion to dismiss the complaint in *Patel 2* based on, *inter alia*,
20 | res judicata and collateral estoppel grounds arising from the Court's final adjudication of
21 | the salient claims in *Patel 1*.  (RJN, Exh. K.)  Plaintiffs elected to dismiss the complaint
22 | in *Patel 2* before the City's motion could be heard.  (RJN, Exhs. L, M.)

23 | **C.    Current Complaint ("*Patel 3*").**

24 | On February 22, 2018, Plaintiffs filed the instant complaint, which is now the
25 | third action by Plaintiffs pertaining to the AGI.  [ECF No. 1.]  The City was not served
26 | until May 11, 2018.  (RJN, Exh. N.)  The claims in Patel 3 are identical to those raised in
27 | *Patel 1* and *Patel 2*, with the exception of the inverse condemnation claim, which has
28 | been omitted as a separate claim.  (*See generally* Comp.)  The only new factual

allegation in Patel 3 is a short paragraph indicating that the Patels have sold the AGI to an unnamed third party.  (*Id.* ¶ 48.)

## IV.  **LEGAL STANDARD**

Pursuant to F.R.C.P. 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief may be granted.  Rule 8(a)(2) requires a claim for relief to include "a short and plain statement of the claim showing the pleader is entitled to relief."  A claim need not necessarily contain detailed factual allegations, but it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The rules of pleading also require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim must be "plausible on its face," which means that the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility requirement is not akin to a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

While a court must accept the factual allegations of a complaint as true for the purposes of a motion to dismiss, this presumption does not apply to threadbare recitals of a cause of action's elements supported by mere conclusory statements. *Iqbal*, 556 U.S. at 678.  Where the well-pleaded facts "do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but has not 'show[n]' – that the pleader is entitled to relief." *Id.*  A pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim. *Id.* at 678 (citations and internal quotation marks omitted).

1  **V.    ARGUMENT – THE COMPLAINT SHOULD BE DISMISSED.**

2     A.    **Res Judicata Bars Plaintiffs from Relitigating Claims Already**

3           **Adjudicated in *Patel 1* and Again Dismissed in *Patel 2*.**

4           The claims in the Complaint are barred by res judicata.  Pursuant to the doctrine

5  of res judicata, which is also referred to as claim preclusion, "the determination of a

6  question directly involved in one action is conclusive as to that question in a second

7  suit." *B&B Hardware, Inc. v. Hargis Indus., Inc*., 135 S.Ct. 1293, 1302 (2015).  Federal

8  claim preclusion provides that "a final judgment forecloses successive litigation of the

9  very same claim, whether or not relitigation of the claim raises the same issues as the

10 earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotations omitted).

11 The purpose of this doctrine is to avoid the expense of multiple lawsuits, conserve

12 judicial resources, and "foster reliance on judicial action by minimizing the possibility

13 of inconsistent decisions." *Id*.  Generally speaking, "a losing litigant deserves no

14 rematch after a defeat fairly suffered." *B&B Hardware, Inc.*, 135 S.Ct. at 1303.

15         Claim preclusion applies where there is "(1) an identity of claims; (2) a final

16 judgment on the merits, and (3) identity or privity between parties." *Stewart v. U.S.*

17 *Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotations omitted).  With the

18 exception of the first claim for relief as it pertains to the Fourth Amendment allegation

19 against Plaintiffs Balubhai Patel and Viranbhai Patel, all of the claims in Plaintiffs'

20 Complaint meet the criteria for claim preclusion and should therefore be dismissed.

21         1.    **The Parties in *Patel 1*, *Patel 2*, and *Patel 3* Are Identical.**

22         Under federal law, a party is not bound by the preclusive effect of a prior

23 judgment "in a litigation to which he is not designated as a party or to which he has not

24 been made a party by service of process." *Richards v. Jefferson Cnty*., 517 U.S. 793,

25 798 (1996).  This is not an issue here.  *Patel 1* was brought by Plaintiffs Balubhai Patel,

26 Viranbhai Patel and unnamed "Plaintiff Tenants" who resided at AGI.  (RJN, Exh. B.)

27 The Complaint in *Patel 2* was also brought by Plaintiffs Balubhai Patel, Viranbhai Patel,

28 and Plaintiff Tenants.  (Compl. ¶¶ 3-5.)  Although certain Plaintiff Tenants are named in

the caption of the Complaint (and in Patel 2), they are, judging by the identical description applied in all three complaints, the same tenants identified in the first action.

### 2. The City Obtained a Final Judgment on the Merits for the Claims Dismissed in *Patel 1*.

For a claim to be barred by res judicata, the prior order or judgment on the same claim must be final.  "[A] valid final adjudication of a claim precludes a second action on that claim or any part of it." *Baker ex re. Thomas v. General Motors Corp*., 522 U.S. 222, 223 n.5 (1998).  The federal rule regarding finality is that a "judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition." *In re heritage Bond Litig. v. U.S. Trust Corp*., 546 F.3d 667, 675 (9th Cir. 2008) citing *Levy v. Cohen*, 19 Cal.3d 165, 172 (1977).  For purposes of finality, a dismissal for failure to state a claim is treated as a "judgment on the merits." *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995).

This Court entered an order of dismissal on the City's motion to dismiss the FAC in *Patel 1* on September 28, 2017.  (RJN, Exh. C.)  Until or unless it is modified or reversed on appeal, this Court's order of dismissal is a final for purposes of claim preclusion.  All of the claims dismissed in that order, to the extent that they have been raised again in the Complaint, are barred by claim preclusion[1].

_____

[1] Specifically, this Court dismissed the following claims with leave to amend: 1) the first claim for relief for violation of the First Amendment, the Fourth Amendment claims for unlawful search as they apply to Plaintiff Tenants, the Fifth Amendment, and the due process and equal protection clauses of the Fourteenth Amendment; 2) the second claim for relief violation of the FHA; 3) the third claim for relief for writ of mandate based on the *imposition* of AGI's CUP; and 4) the fourth claim for relief for inverse condemnation.  (RJN, Exh. C at pp. 23-24.)  Plaintiffs, however, stated their intention not to amend the FAC on October 19, 2017.  (RJN, Exh. D.)  This Court also dismissed the following claims without leave to amend: 1) the first claim for relief for violation of the Fourth Amendment as it pertains to Plaintiff Tenant claims for unreasonable search of AGI records; and 2) the third claim for relief for writ of mandate based on the imposition of AGI's CUP.  (RJN, Exh. C at pp. 23-24.)

### 3. The Claims in the Complaint Are Identical to Those in *Patel 1* and *Patel 2*.

To determine whether there is an identity of claims, the Ninth Circuit uses a four part test which examines the following: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982), cert. denied, 459 U.S. 1087 (1982). "Claims arise from the same transactional nucleus of facts where the same 'transaction, or series of transactions' could give rise to both claims, often shown by the similarity of the allegations in the prior and current pleadings." *MGA Entm't, Inc. v. Mattel, Inc*., 2012 WL 569389, *6 (C.D. Cal. 2012) quoting *Western Sys. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) cert. denied, 506 U.S. 1050 (1993).

Plaintiffs' claims in the Complaint arise from the same nucleus of facts as the claims that were dismissed in *Patel 1*. The claims in *Patel 1, Patel 2,* and *Patel 3* are identical, word for word, except insofar as Plaintiffs have omitted the inverse condemnation claim from *Patel 3*. The factual allegations are likewise identical with two exceptions. First, while *Patel 1* alleged that the CUP was revoked for a year and subject to Plaintiffs' administrative appeal, *Patel 2* alleges that Plaintiffs' appeal was denied by the City Council and that Plaintiffs were not given an opportunity to be heard by the City Council. (RJN, Exh. H at ¶¶ 32-43.) Second, *Patel 3* includes the additional allegation that the Patels have sold the AGI. (ECF No. 1 at ¶ 48.)

All three actions arise from a common transactional nucleus of facts because they all allege City misconduct arising from the same series of events – the City's administrative nuisance abatement proceedings against AGI that began on or about July 29, 2015 with a decision from the Planning Department to impose a CUP on AGI and that concluded on or about April 5, 2017 with the City Council's denial of Plaintiffs'

9

appeal of the revocation of that same CUP.  (Compl. ¶¶ 32-39; RJN, Exhs. F-H.)  In addition to the claims in *Patel 1, Patel 2, and Patel 3* arising from the same transaction, Plaintiffs have offered substantially the same factual allegations in both actions.  The Complaint does not proffer any new facts that might support the claims as pled, most glaringly the type of missing facts identified by this Court in its order of dismissal in *Patel 1*[2].

Because the claims in the Complaint are literally identical to the claims that were adjudicated and dismissed in *Patel 1*, and involve the same Plaintiffs, this Court should dismiss the following claims in the Complaint as they are barred by the doctrine of claim preclusion: 1) the first claim for relief for violation of the First Amendment, 2) the first

---

[2] To wit, the Complaint has no factual allegations that demonstrate the following 1) in support of their First Amendment claim, that Plaintiffs Balubhai Patel, Viranbhai Patel and Plaintiff Tenants were part of the group that successfully sued the City in prior litigation and that participation in the suit was a substantial and motivating factor in the City's decision to impose the CUP, 2) in support of their Fourth Amendment claim, that the LAPD searched an area where Plaintiff Tenants had a reasonable expectation of privacy, 3) in support of their Fifth Amendment claim, that AGI has actually closed, that Plaintiffs are still in possession of AGI, that Plaintiffs have been deprived of all economically beneficial use of the AGI property, specifics of the CUP's economic impact, the manner in which the City interfered with Plaintiffs reasonable investment backed expectations, or any facts to demonstrate that the City's nuisance abatement proceedings were designed to transfer the AGI property to a private developer, 4) in support of their Fourteenth Amendment due process claims, that the City's abatement was a pretext to force a sale to a private developer or that any private developer was interested in purchasing AGI at the time of the imposition of the CUP, 5) in support of their Fourteenth Amendment equal protection claims, that Plaintiffs were treated different from similarly situated hotel owners or that the City failed to take action against other motel owners or businesses contributing to a crime problem in a crime ridden neighborhood, 6) in support of their FHA claim, the races or ethnicities of the tenants at AGI or that the City's CUP process had a disparate impact on a particular class of people, and 7) in support of their inverse condemnation claim, that AGI has closed, that Plaintiffs Balubhai Patel and Viranbhai Patel still own AGI, or that tenants at AGI have stopped paying rent to Plaintiffs Balubhai Patel and Viranbhai Patel or moved out.  (RJN, Exh. C.)

1  claim for relief for violation of the Fourth Amendment as it applies to Plaintiff Tenants,

2  3) the first claim for relief for violation of the Fifth Amendment, 4) the first claim for

3  relief for violation of the due process and equal protection clauses of the Fourteenth

4  Amendment, 5) the second claim for relief violation of the FHA, 6) the third claim for

5  relief for writ of mandate based on the imposition of AGI's CUP.  Insofar as the first

6  claim includes an inverse condemnation cause of action, it too is subject to the Court's

7  order in Patel 1 and thus barred.

8  **B.**  **Plaintiffs' First Claim Fails Because Plaintiffs Have Not Alleged That**

9  **Their Civil Rights Have Actually Been Violated.**

10  Res judicata notwithstanding, Plaintiffs' current claims all fail on their own merit,

11  or lack thereof, under Rule 12(b)(6) and *Iqbal/Twombly*.

12  **1.  Plaintiffs Fail to State a Violation of their First Amendment Right to**

13  **Associate.**

14  In the first cause of action, Plaintiffs first accuse the City of violating their right to

15  free association under the First Amendment.  The right to free association under the First

16  Amendment is meant to ensure that individuals may engage in collective activities also

17  protected by the First Amendment, *e.g.*, speech, assembly, petition for the redress of

18  grievances, and the exercise of religion.  *Roberts v. United States Jaycees*, 468 U.S. 609,

19  617, 104 S. Ct. 3244, 3249 (1984).  Here, Plaintiffs' freedom of association theory fails

20  because it is unsupported by any fact in the Complaint.  In fact, it is precisely the kind of

21  "unadorned, the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal* as

22  insufficient.  *See Iqbal*, 556 U.S. at 678.  The Complaint does not explain who is trying

23  to associate with whom, why they are associating, or what First Amendment activities

24  they pursue in the course of their association.  Nor does the Complaint specify whether

25  Plaintiffs were deprived of their right to freely associate or retaliated against for

26  exercising that right.  On that basis alone, the first cause of action must be dismissed

27  under *Iqbal/Twombly* insofar as it relies on the associational rights theory.

28

1   Even if Plaintiffs were relying on Paragraph 22 of the Complaint, which identifies

2   Balubhai Patel as a "member of the group that sued the City in the Supreme Court Patel

3   case," as a basis for an implied theory of retaliation for membership in a disfavored

4   group, such reliance is inapposite, for two reasons:  First, the Complaint does not

5   suggest or imply that any plaintiff other than Balubhai Patel is a member of that

6   purported group.  Second, even as to Balubhai Patel, the Complaint is bereft of any

7   factual support for an associational rights theory.  By alleging that he is a "member of

8   the group that sued the City," the City is forced to infer one of two things: that Mr. Patel

9   is suggesting that he was a plaintiff in the earlier Patel case, or, alternatively, was he a

10   member of a group that sued the City in that case.  However, neither inference is borne

11   out by the record in that case, which indicates that it was brought by two individuals,

12   neither of whom is Balubhai Patel.  *See Patel v. City of Los Angeles*, No. CV 05-1571

13   DSF (AJWx), 2008 U.S. Dist. LEXIS 78914, at *1 (C.D. Cal. Sep. 5, 2008) (identifying

14   Naranjibhai Patel and Ramilaben Patel as the plaintiffs).

### 2.    Plaintiffs Fail to State a Violation of their First Amendment Right to Petition for Grievances.

17   Plaintiffs next accuse the City of violating their First Amendment right to petition

18   for grievances.  This right is expressly included in the First Amendment to protect an

19   individual's right to speak freely and petition their government; it also protects their

20   right to be free from retaliation for doing so.  *Smith v. Arkansas State Highway Emps.*,

21   441 U.S. 463, 465 (1979).  The right to petition includes the right of access to courts.

22   *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).  Retaliation by

23   state actors for exercising this right is actionable under 42 U.S.C. § 1983.  *Id.*  Here,

24   Plaintiffs fail to proffer factual allegations which might support their accusation that

25   City violated the right to petition for grievances.  They do not allege that they were

26   denied access to the courts, nor do they allege that they were retaliated against for

27   exercising their right access the courts.  They likewise do not identify any specific act of

28   retaliation.  Plaintiffs do not even set forth a threadbare recitation of the elements of this

1  theory.  Accordingly, the first cause of action must be dismissed under *Iqbal/Twombly*

2  insofar as it relies on the right to petition for grievances.  There are simply no facts

3  included in the Complaint which suggest that any Plaintiff has engaged in any act in

4  furtherance of a petition for grievances.  Plaintiffs' right-to-petition theory must

5  therefore be rejected.

6         **3.**       **Plaintiffs Fail to State an Unreasonable Search and/or Seizure.**

7         Plaintiffs also accuse the City of violating their Fourth Amendment right to be

8  free from unreasonable searches and seizures by state actors.  For the protections

9  afforded by this constitutional guarantee to apply, a plaintiff must demonstrate an actual,

10  subjective expectation of privacy in the area that is to be searched, and that actual

11  expectation must be one that society recognizes as reasonable.  *See People v. Gemmill*,

12  162 Cal. App. 4th 958, 964 (2008); *see also Kyllo v. United States*, 533 U.S. 27, 33, 121

13  S. Ct. 2038, 2042 (2001) ("[A] Fourth Amendment search occurs when the government

14  violates a subjective expectation of privacy that society recognizes as reasonable.")

15         Here, Plaintiffs' Fourth Amendment theory is presented without factual support.

16  The Complaint does not clearly identify what facts form the basis of Plaintiffs' Fourth

17  Amendment theory, specifically with respect to who unreasonably searched what, when

18  she or she did it, and/or why the search was unreasonable.  The Complaint does not even

19  identify whose rights were violated.  On that basis, this theory must be rejected under

20  *Iqbal/Twombly*.  Even if the Plaintiffs intended to anchor their Fourth Amendment claim

21  in paragraphs 18 and 19 of the Complaint, describing the entry of LAPD officers onto

22  the AGI property, their conversations with the AGI's tenants, and their entry into "the

23  motel manager's personal residence" (*see* Complaint ¶¶ 18, 19), those allegations are

24  insufficient to support Plaintiffs' theory, for the reasons set forth below.

25         First, the LAPD officers' purported entry onto the AGI property is inactionable as

26  a matter of law, because the Complaint's factual allegations cannot form the basis of an

27  unreasonable search and seizure.  The Complaint merely alleges that the LAPD officers

28  came to the grounds of the AGI and spoke to its guests.  There is no allegation that an

1   officer entered a particular hotel room without consent.  Even if all of the allegations of

2   the Complaint were accepted as true, no case law or statute supports the contention that

3   talking to the residents of a hotel constitutes an unreasonable search of a private

4   residence.

5       In fact, the LAPD officers had a legal right to be on the curtilage of the AGI,

6   including its driveway areas, and to react to anything that was in their plain view,

7   including the tenants.  Government officials may legitimately enter any area of the

8   curtilage that is impliedly open, such as access routes to a house, and may observe areas

9   that are plainly visible.  *See People v. Chavez*, 161 Cal.App.4th 1493, 1500 (3rd Dist.

10  2008) ("When the police come on to private property to conduct an investigation or

11  some other legitimate purpose and restrict their movements to places visitors could be

12  expected to go (e.g., walkways, driveways, porches), observations made from such

13  vantage points are not covered by the Fourth Amendment.").  There is no reasonable

14  expectation of privacy in such areas.   Accordingly, there can be no unreasonable search

15  or seizure under these circumstances.

16      **4.    Plaintiffs Fail to State a Violation of Procedural Due Process.**

17      Although there is no exact standard, courts have generally held that procedural

18  due process requires only notice and an opportunity to be heard.  *Conner v. Santa Ana*,

19  897 F.2d 1487, 1490 (9th Cir. 1990) (neither judicial involvement nor a jury was

20  required to satisfy due process prior to the city's seizure of vehicles deemed to be public

21  nuisance.)

22      Plaintiffs assert that the City violated the right to procedural due process by not

23  providing "notice and opportunity to be heard and an adequate opportunity to litigate the

24  imposition of the CUP."  (Comp. ¶ 52.)  This unadorned statement does not "plausibly

25  give rise to an entitlement of relief."  *Iqbal*, 556 U.S. at 678.  Plaintiffs fail to allege

26  either that they were denied a hearing on their issues or that they were not given notice

27  of such a hearing.  Rather, the Complaint expressly concedes that they had an

28  opportunity to, and did, object to the imposition *and revocation* of the CUP, that the City

1    Council heard and overruled those objections when it convened to adopt a resolution to

2    impose the CUP and that the PLUM Committee did the same when it considered

3    Plaintiffs appeal of the revocation of the CUP.  (Comp. ¶¶ 12-13, 32-34.)

4         Thus, Plaintiffs' claim that they were denied procedural due process not only

5    lacks plausibility, it directly contradicts their own factual allegations.  Accordingly, to

6    the extent the first claim for relief relied on an alleged violation of procedural due

7    process, it must be dismissed.

8              **5.       Plaintiffs Fail to State a Violation of Substantive Due Process.**

9         Plaintiffs also assert that the City violated their substantive due process rights

10   under the Fourteenth Amendment.  To state a substantive due process claim, a plaintiff

11   must show as a threshold matter that a state actor deprived it of a constitutionally

12   protected life, liberty or property interest.  *See, e.g., Shanks v. Dressel*, 540 F.3d 1082,

13   1087 (9th Cir. 2008).  A plaintiff must also allege that the defendant's actions had no

14   rational relationship to legitimate governmental interests.  *Sylvia Landfield Tr. v. City of*

15   *Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013).  Where, as here, Plaintiffs rely on

16   substantive due process to challenge governmental action that does not impinge on a

17   fundamental right, federal courts "do not require that the government's action actually

18   advance its state purposes, but merely look to see whether the government could have

19   had a legitimate reason for acting as it did."  *Hanford Exec. Mgmt. Emple. Ass'n v. City*

20   *of Hanford*, No. 1:11-CV-00828 AWI DLB, 2011 U.S. Dist. LEXIS 132783, at *28

21   (E.D. Cal. Nov. 17, 2011).

22        Read broadly, Plaintiffs' theory appears to focus on the imposition of the CUP.

23   (*See* Comp. ¶ 52 (alleging a violation of "the substantive and procedural components of

24   the Due Process Clause of the Fourteenth Amendment of the United States Constitution

25   for arbitrary and capricious actions and without notice and opportunity to be heard and

26   without opportunity to litigate the imposition of the CUP [. . . ]"))  Nothing in the

27   Complaint, however, suggests that the imposition of the CUP violated anything

28   comparable to a fundamental right.

But even if a fundamental right were implicated, nothing in the Complaint suggests that the imposition of the CUP was not reasonably related to legitimate governmental interests.  To the contrary, the Complaint concedes that the CUP was imposed in response to crime at the AGI in in the surrounding environment.  (Comp. ¶ 9.)  It is irrelevant, under these circumstances, whether Plaintiffs disagreed with the City's assessment of the crime occurring at the AGI.  *Hanford Exec. Mgmt.*, *supra*, 2011 U.S. Dist. LEXIS 132783 at *28.  In short, Plaintiffs have failed to articulate a violation of any substantive due process right.  The first claim for relief must therefore be dismissed to the extent it rests on such purported violation.

### 6.   Plaintiffs Fail to State a Violation of Equal Protection.

The *sine qua non* of an equal protection claim is dissimilar treatment of persons similarly situated. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prove an equal protection violation, a plaintiff must show that the State adopted a practice that affects two or more similarly situated groups in an unequal manner.  *Clements v. Fashing*, 457 U.S. 957, 962-63, 102 S. Ct. 2836, 73 L. Ed. 2d 508 (1982); *see also In re Eric J.*, 25 Cal. 3d 522, 530 (1979) (noting an equal protection violation lies only where similarly situated parties are treated disparately).  Moreover, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (holding that an ordinance detailing renewal procedures for a wrecking yard certificate did not violate equal protection merely because it affected the plaintiff, who was a Native American).

Here, Plaintiffs do not specifically identify the class in which they belong for the purposes of equal protection, although the Complaint suggests that Plaintiffs are relying on their identification as Asian-Indians.  (*See* Comp. ¶ 5.)  They offer no further factual allegations in support of their equal protection claim.  This accusation of wrongful conduct, by itself, cannot not satisfy the basic pleading requirements of Rule 8.  Most saliently, Plaintiffs fail to allege how they were treated differently than similarly situated

1  hotel owners.  *See Pierce v. County of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008)

2  (finding equal protection claim insufficient where "plaintiffs alleged that paraplegic and

3  quadriplegic detainees were kept in holding cells without accessible toilets and sinks,

4  [but] did not allege that the County accommodated the special needs of any other group

5  with regard to toilet or sink access").

6        Furthermore, Plaintiffs fail to allege any facts that would plausibly support the

7  notion that the City acted with an intent or purpose to discriminate on race.  It is not

8  enough to show a municipal action affected a person of a certain race to establish

9  discrimination.  As the renewal ordinance in *Thorton* did not violate equal protection

10  rights merely because it affected a Native American, the City's decision to act within its

11  lawful discretion and impose a CUP cannot constitute a violation merely because the

12  owner and lessor of the AGI are both Asian-Indian.  *Thornton*, 425 F.3d at 1166.

13        Plaintiffs cannot repair these factual omissions with boilerplate recitation of legal

14  conclusions, namely by averring that "similarly situated properties have not been

15  subjected to the actions taken by Defendants."  (Comp. ¶ 52.)  There is no factual

16  support anywhere in the Complaint for such similarly situated properties with the same

17  or similar history of crime as the AGI, or that the City failed to act at such locations.

18  Even if such properties were identified, their existence alone would not permit the Court

19  to draw a reasonable inference that the City's inaction with respect to the other

20  properties was due to some sort of discriminatory intent or preferential treatment.

21        In short, Plaintiffs have failed to proffer factual allegations which might support a

22  claim for violation of equal protection.  To the extent the first claim for relief relies on

23  equal protection, it must be dismissed.

                    **7.    Plaintiffs Fail to State a Takings Claim.**

24

25        Plaintiffs also accuse the City of a "taking" in violation of the Fifth Amendment.

26  (Comp. ¶ 53.)  The takings clause of the Fifth Amendment expressly provides that no

27  private property shall be taken for public use without just compensation.  While a taking

28  may occur when the government directly appropriates private property, a "regulatory

taking" may occur where government regulation is so extensive that it is "tantamount to a direct appropriation or ouster…" *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005).  Courts, however, recognize a limit to liability for such regulatory takings when the government is acting under its police powers to prevent or abate nuisance activity. *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1029, 112 S. Ct. 2886, 2895 (1992) (emphasis in original).   Abatement of a nuisance is considered a regulatory action and not a taking of property because the owner of an abated property "is still free to make use of any lawful use of his land and is merely prohibited from maintaining a nuisance on its." *Duffy v. City of Long Beach*, 201 Cal. App. 3d 1352, 1359 (Cal. App. 2nd Dist. 1988) (holding that the demolition of a property declared a public nuisance did not constitute a "taking").

    Here, the Complaint does not clearly allege either a physical taking or a regulatory taking.  Rather, Plaintiffs (ostensibly Mr. Balubhai Patel, as the alleged owner of the AGI) assert that the City's actions constituted a "private taking" and the City exercised its police power to drive them out of business "in order to transfer the property to a private developer."  (Comp. ¶ 53.)  To the extent Plaintiffs attempt to articulate a physical taking, this claim fails for lack of factual support.  The Complaint still does not actually allege that the AGI is closed for business and/or appropriated by the City (or anyone else).  The Complaint expressly concedes that the City imposed its CUP on the AGI to abate the crime at and around the AGI (which was attributed to the AGI's operation), and actions taken to abate a nuisance do not, as a matter of law, constitute a taking. *See Duffy*, 201 Cal. App. 3d at 1359.  Moreover, Plaintiffs have not alleged that they have been deprived of "**all** economically beneficial use" of their property.  *See Lucas, supra,* 505 U.S. at 1019.  In fact, Plaintiffs concedes that they were able to sell their property after the CUP was revoked.  (Comp. ¶ 48.)

    In any event, Plaintiffs' inverse condemnation claim is barred by their failure to exhaust administrative remedies, and likewise by the statute of limitations applicable to those administrative remedies. *Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 26

1   (noting that a plaintiff must exhaust administrative remedies before adjudicating an

2   inverse condemnation claim, and holding that the plaintiff's takings claim was time-

3   barred where the underlying administrative remedy was itself beyond the applicable

4   statute of limitations); *see also* Section V.D.1, *infra*.  To the extent Plaintiffs attempt to

5   articulate a regulatory taking, this claim fails as a matter of law.

6   **C.    Plaintiffs' Second Claim Fails Because the Complaint Does Not**

7   **Demonstrate a Disparate Impact on a Protected Class.**

8   To establish a violation of the Federal Fair Housing Act ("FHA"), including

9   Section 3604(b), a plaintiff must show either a discriminatory intent or that the conduct

10   in question had a disparate impact, that it is "conduct that actually or predictably

11   resulted in discrimination."  *Pfaff v. United States HUD*, 88 F.3d 730, 745 (9th Cir.

12   1996) (reversing HUD's finding that landlords' occupancy limits constituted an act of

13   housing discrimination under 42 U.S.C. §§3604(a) and (c)). A showing of liability under

14   the "disparate impact" theory requires a demonstration of an outwardly neutral practice

15   that disproportionately impacts a particular group.  *Id.*  A plaintiff alleging a disparate

16   impact must prove an *actual* discriminatory impact using, for example, statistical data,

17   and may not offer facts that merely raise an inference of discriminatory impact.  *Moore*

18   *v. Hughes Helicopters, Inc., Div. of Summa Corp.*, 708 F.2d 475, 485 (9th Cir. 1983)

19   (upholding the dismissal of a claim alleging discrimination against black female

20   employees in their selection for supervisory positions because the plaintiff relied only on

21   an inference of discrimination and her statistical data did not prove actual disparate

22   impact).

23   A defendant may rebut a prima facie showing of disparate impact by offering a

24   "compelling business necessity" for the disputed conduct.  *Pfaff*, 88 F.3d at 746-747.

25   For example, the Ninth Circuit found in one instance that a government entity needed

26   only to show a "legitimate, non-discriminatory motive" to rebut disparate impact

27   liability when the municipality refused to approve federal funding for a private

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

development project that would provide affordable housing.  *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F3d 1182, 1194-95 (9th Cir. 2006).

Here, Plaintiffs' FHA claim fails in several ways. First, it fails to give notice of what type of discrimination is being alleged.  The Complaint alleges only that Balubhai Patel and Viranbhai Patel are "Asian-Indian," but the FHA claim is expressly asserted on behalf of certain named "Plaintiff Tenants" whose respective ethnicities, races, and/or national origins are still not identified with any specificity despite the fact that some of them are named in the caption. (*See* Comp. ¶ 5.)  Moreover, the Complaint does not allege that either Balubhai Patel or Viranbhai Patel actually live at the AGI, making the FHA inapplicable on its face as to them.

Second, the Complaint offers no factual allegations regarding a "disparate impact." As with Plaintiffs' other claims, no facts at all are alleged in specific support of this claim.  The Complaint simply does not support a prima facie case of discriminatory effect or impact by offering allegations concerning the race or national origin of any person living at the AGI, the race or national origin of any person living at a similar property, the race and national origin of any person in the surrounding neighborhood, or the race or national origin of any person living anywhere in the City at large.  Even assuming Plaintiffs did or could make such a showing, their own FAC demonstrates that there was a history of crime at the AGI, that the City was acting under its administrative authority to address such problems, and, accordingly, that the City had a legitimate basis for imposing the CUP.  *See Affordable Hous. Dev. Corp.*, 433 F3d at 1194-95.

In any event, Plaintiffs' claim under the FHA fails on its face.  By its own terms, Section 3604(b) this only applies to discrimination related to the "sale or rental" of housing or the provision of "services or facilities" in connection therewith. The City's imposition and revocation of the CUP, which was intended to abate a nuisance at a crime-ridden location, is not the type of conduct proscribed by Section 3604(b).  That section logically relates to services and facilities provided by the owner and/or manager of a dwelling.  It is typically used to file suit against the owner or landlord of a property,

not a municipality without authority over a property's business operations.  *See, e.g.,*
*Brown-Younger v. Mosen*, 2011 U.S. Dist. LEXIS 126852 (D. Nev. Oct. 28, 2011)
(finding that the plaintiff's discrimination claim against the landlords, if tenable, would
fall under 42 U.S.C. § 3604(b)).

Unlike the landlords in typical cases arising under Section 3604(b), the City did
not sell, rent, or provide any services or facilities in connection with the sale or rental of
the AGI or any units therein.  The City does not own the AGI and has made no efforts to
sell or rent it.  Likewise, the City has no involvement with the provision of services
and/or facilities at the AGI.  The law on which this claim is based simply does not fit the
allegations. For this reason, as well as the other reasons set forth herein, Plaintiffs'
second claim for relief fails as a matter of law.

   **D.   Plaintiffs' Third Claim  Fails as a Matter of Law.**

   **1.   Plaintiffs' Third Claim Is Barred by the Statute of Limitations.**

Plaintiffs' third cause of action is for a writ of mandate overturning the revocation
of the CUP pursuant to California Code of Civil Procedure section 1094.5.  This claim is
time-barred, and must be dismissed on its face.  Pursuant to Government Code section
65009, any City determination on a conditional use permit must be filed and *served*
within 90 days.  Cal. Govt. Code § 65009(c)(1)(E) (expressly limiting challenges to
"conditional use permit[s]" to 90 days).  The Complaint alleges that the CUP here was
revoked on April 5, 2017.  (Comp. ¶¶ 39.)  That was 314 days before Plaintiffs filed the
instant complaint on February 13, 2018, and 401 days before Plaintiffs *served* the instant
complaint on May 11, 2018.  (RJN, Exh. N.)  The time limit to challenge the CUP has
clearly elapsed.

Government Code § 65009(e) leaves no doubt about the application of Section
65009's statute of limitations, providing that "[u]pon the expiration of the time limits
provided for in this section, all persons are barred from any further action or
proceeding."  Case law confirms that untimely service is a bar to suit.  *Beresford*
*Neighborhood Association et al. v. City of San Mateo*, 207 Cal.App.3d 1180, 1186-1187

1   (1989) (City's demurrer sustained without leave to amend where plaintiff filed petition

2   on time, but served the city one day after the statute of limitations set forth in

3   Government Code § 65907(predecessor to section 65009) expired); *Wagner v. City of*

4   *South Pasadena*, 78 Cal.App.4th 943, 946 (2000) (court upheld 90-day statute of

5   limitations as to service in action where service on city was made one day late.)

6       In an effort to obfuscate this fatal flaw, Plaintiffs suggest that the time limit is

7   tolled because the City allegedly did not serve the written notice of the CUP pursuant to

8   Section 1094.6 of the California Code of Civil Procedure. (Comp. ¶ 65.)  This is

9   incorrect.  The requirements of Section 1094.6 do not apply here because subsection (g)

10  of Section 1094.6 expressly defers to shorter time limits, necessarily including the

11  shorter time limit imposed by Government Code section 65009, which calculates the

12  statute of limitations from the date of the decision at issue, not from the service of notice

13  of such decision.  *See* Cal. Code Civ. Proc. § 1094.6(g). Plaintiffs' third claim for relief

14  is therefore time-barred and must be dismissed.

15          **2.    Plaintiffs' Third Claim is Barred for Lack of a Beneficial**

16                 **Interest.**

17      Plaintiff's petition for a writ of mandate is also barred because they lack a

18  beneficial interest in a writ.  A petition for a writ of mandate may be filed by a "party

19  beneficially interested." Cal. Code Civ. Proc., § 1086.  To establish a beneficial interest,

20  the petitioner must show he or she has some special interest to be served or some

21  particular right to be preserved or protected through issuance of the writ. *Carsten v.*

22  *Psychology Examining Com.* (1980) 27 Cal. 3d 793, 796.  Stated differently, the writ

23  must be denied if the petitioner will gain no direct benefit from its issuance and suffer no

24  direct detriment if it is denied.  *Parker v. Bowron* (1953) 40 Cal.2d 344, 351.  "This

25  standard is applicable to proceedings in administrative mandate . . ." *Waste Management*

26  *of Alameda County, Inc. v. County of Alameda* (2000) 79 Cal.App.4th 1223, 1232-1233,

27  disapproved on other grounds in *Save the Plastic Bag Coalition v. City of Manhattan*

28  *Beach* (2011) 52 Cal.4th 155.)

Here, Plaintiffs seek a writ of mandate restoring their conditional use permit to operate the AGI.  (Comp. ¶ 64.)  Insofar as the Plaintiff Tenants do not own the AGI, they lack a beneficial interest in a writ regarding its operation, and the petition must be dismissed as to them.  *See Parker*, 40 Cal.2d at 351.  Likewise, the Complaint admits that the Patels have sold the AGI, who now similarly have no beneficial interest in operating it.  (Comp. ¶ 48.)  Thus, none of the Plaintiffs have any standing to petition this Court for a writ of mandate.

### E.   In the Alternative, the Complaint Should Be Consolidated with the Prior Action (*Patel 1*) Already Pending Before This Court.

The Complaint in this matter is duplicative of the action in *Patel 1* which is currently pending before this Court and as such should be dismissed or consolidated with that action.  A district court has the general power to "stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank*, N.A., 226 F.3d 133, 136 (2d. Cir. 2000).  Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Adams v. Cal. Dep't of Health Servs*., 487 F3d. 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).  The rule against duplicative litigation is similar to the doctrine of claim preclusion or res judicata in that it is intended to "foster judicial economy and the comprehensive disposition of litigation" and to "protect parties from the vexation of concurrent litigation over the same subject matter."  *Curtis*, 226 F.3d at 138 (citations and internal quotation marks omitted).  "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions."  *Id*.

To determine whether a case is duplicative, a court should employ a claim preclusion analysis to "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 689.  To

1   determine whether claims in two different suits are the same, the most important factor

2   to consider is whether the "two suits arise out of the same transactional nucleus of

3   facts." *Id*. citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.

4   1982).

5       As discussed herein in connection with the City's claim preclusion analysis, the

6   Complaint arises out of the same nucleus of facts as *Patel 1* which is currently before

7   this Court.  The Complaint in *Patel 3* and the FAC in *Patel 1* (of which only the 4th

8   Amendment claim by Plaintiffs Balubhai Patel and Viranbhai Patel remains) both allege

9   claims that arise from the City's imposition and subsequent revocation of a CUP at AGI

10  under its administrative nuisance abatement statutes.  The only differences between the

11  pleadings in these two separate actions is that the FAC in *Patel 1* alleged that the AGI's

12  CUP was revoked and on appeal to the City Council whereas the Complaint alleges that

13  the appeal was denied, and that the Patels have sold the AGI.  (Compl. ¶¶ 32-41, 48;

14  RJN, Exh. B at ¶¶ 30-32.)  Both allege the same claims, word for word (excepting that

15  Patel3 omits the separate inverse condemnation claim).  (Compl.; RJN, Exh. B.)  These

16  two actions are undeniably duplicative inasmuch as they involve identical parties

17  presenting identical claims on substantially the same factual allegations.  Accordingly,

18  this Court should dismiss the Complaint as a duplicative action and/or consolidate any

19  claims in the Complaint that survive the City's Rule 12(b)(6) challenge with *Patel 1*

20  which is currently pending before this Court.

21  **VI.**   **CONCLUSION**

22      For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint in its

23  entirety, without leave to amend, or alternatively, consolidate it with *Patel 1*, which is

24  already pending before this Court.

25

26

27

28

Dated:  June 1, 2018                 Respectfully submitted,

**MICHAEL N. FEUER,** City Attorney
**TERRY KAUFMANN MACIAS,** Assistant City Attorney
**CHARLES D. SEWELL,** Deputy City Attorney
**PATRICK HAGAN,** Deputy City Attorney

By: _____
          **PATRICK HAGAN**
Attorneys for Defendant CITY OF LOS ANGELES

25